

# NUMBER 13-21-00293-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### GUARDIANSHIP OF LEON R. BERNSEN SR., AN INCAPACITATED PERSON

### On appeal from the County Court at Law No. 5 of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Tijerina, Peña
### Memorandum Opinion by Justice Tijerina

In this cause, appellant Leon Garrick Bernsen appeals the trial court's September 13, 2021 fee forfeiture order, arguing that the trial court erred by finding that "Kenneth Krohn is not ordered to forfeit." We dismiss the appeal as moot.

## I.   BACKGROUND

On February 23, 2021, Lynn Bernsen Allison, Lea Bernsen Brown, and Leon Garrick Bernsen filed a motion for forfeiture of attorneys' fees in Nueces County. Following a hearing, on September 10, 2021, the trial court granted the motion and ordered that Ford + Bergner LLP and

Don D. Ford III "are disgorged of and immediately forfeit" attorneys' fees paid by Bernsen Farms, Ltd (Nueces County forfeiture order). Garrick filed a notice of appeal to this Court on September 13, 2021, arguing that Krohn should have been included in the forfeiture order.

On September 15, 2021, following a hearing, the Harris County Probate Court ordered all matters related to the Bernsen guardianship be transferred to Harris County.

On October 11, 2021, and on October 21, 2021, in Harris County, Dianna and Ford + Berger LLP and Don D. Ford III filed motions for new trial of the Nueces County forfeiture order. On October 11, 2021, Ford + Berger LLP and Don D. Ford III filed the same motion for new trial in Nueces County even though the guardianship was now in Harris County pursuant to a transfer order. [1] On October 11, 2021, Krohn filed a motion for new trial of the Nueces County forfeiture order in Harris County.

On November 14, 2021, the Harris County Probate Court granted all the requested motions for new trial. In February 2022, the Harris County Probate Court subsequently voided all Nueces County guardianship orders made following Leon R. Bernsen's death on March 24, 2020.

Garrick now appeals the Nueces County forfeiture order. Dianna filed a motion to dismiss the appeal, arguing: (1) this Court lacks jurisdiction because the guardianship was transferred to Harris County, and Garrick never challenged that transfer; (2) Garrick's complaints are moot because the Harris County Probate Court subsequently granted a new trial on the Nueces County forfeiture order; and (3) the Nueces County forfeiture order is not appealable.

## II.    MOOTNESS

"Appeals of some interlocutory orders become moot because the orders have been rendered moot by subsequent orders." *Hernandez v. Ebrom*, 289 S.W.3d 316, 319 (Tex. 2009)

---

[1] This motion for new trial was overruled by operation of law. After reviewing the record, it appears no other action has been taken in Nueces County.

2

(citing *Richards v. Mena*, 820 S.W.2d 372, 372 (Tex. 1991). "A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012).

Assuming without deciding that the forfeiture order was appealable, we conclude that the appeal of the Nueces County forfeiture order has been rendered moot by the Harris County probate court's subsequent granting of a new trial on that very order. By granting the parties' motions for new trial on the Nueces County forfeiture order, the probate court extinguished Garrick's controversy. Thus, the act of the trial court that Garrick complains of on appeal has been remedied, and we conclude that this appeal is therefore moot. *See Hernandez*, 289 S.W.3d at 319. Accordingly, we hereby grant Dianna's motion to dismiss.

### III. CONCLUSION

We dismiss this appeal as moot.

JAIME TIJERINA
Justice

Delivered and filed on the
9th day of March, 2023.

3